Filed 5/8/13  P. v. Wenthe CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055536 |
| v. | (Super.Ct.No. RIF10006327) |
| ERICK JEROME WENTHE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard J. Hanscom, Judge.  (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Donald H. Glaser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

1

**INTRODUCTION**

Defendant Erick Jerome Wenthe appeals his conviction for possession of methamphetamine for the purpose of sales (Health & Saf. Code, § 11378), arguing that the trial court abused its discretion by admitting evidence of his prior conviction for the same offense.  He also points out that the sentencing minute orders must be corrected to show that a six-month enhancement imposed for one of his misdemeanor counts was to run concurrently, not consecutively.  We will affirm the conviction and order the record corrected.

**FACTS AND PROCEDURAL HISTORY**

On November 28, 2010, Riverside County Sheriff's Deputy Sean Denham encountered defendant in a parked car in the Woodcrest area of the county.  In a lawful search, Denham found a total of four baggies of methamphetamine, three hypodermic syringes with attached needles, a scale, a glass pipe for smoking methamphetamine, a separate plastic baggie containing cotton swabs covered with crystals of methamphetamine, and additional crystals of methamphetamine scattered on the floor of the vehicle.  Three of the baggies each contained more than four grams (known as "eight balls") of methamphetamine.  Defendant told Denham that all the methamphetamine was his.

On June 23, 2011, in an information filed in Riverside County Superior Court, defendant was charged with one felony and two misdemeanors: possession of methamphetamine for sale (Health & Saf. Code, § 11378, count 1); using and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a),

2

count 2); and possessing paraphernalia for injecting and smoking a controlled substance (Health & Saf. Code, § 11364, count 3). In relation to count 1, the information alleged that defendant also had a prior conviction, on September 27, 1996, for violating Health and Safety Code, section 11378.

*Pre-trial Issues*

In a pre-trial conference on November 17, 2011, the trial court and counsel discussed the prosecutor's request to admit evidence of defendant's 1996 conviction.[1] The prosecutor argued that the prior was admissible under Evidence Code § 1101, subdivision (b), to demonstrate defendant's "knowledge and intent" to sell, not merely use, methamphetamine in the current instance. Defense counsel opposed the request, arguing that the old conviction was too remote in time and that "the risk of undue prejudice greatly exceeds the probative value." In explaining its decision to admit the prior, the court pointed out that, because the amounts defendant possessed at the time of his current arrest could be either for personal use or for sales, the prosecutor would need to prove illegal intent [to sell] to obtain a conviction. This case was not like one where someone is found in possession of two pounds of an illegal substance and the intent to sell is obvious.

Regarding the question of prejudice, the court reasoned that, although a potential for prejudice existed, it did not outweigh the probative value of the evidence. As to remoteness, the court noted that defendant's life in the 15 years since the prior had not

---

[1] The prosecutor proposed to call the detective who had investigated defendant's 1996 case.

been crime free: he had had a firearm possession conviction in 2000 and had served a prison term for controlled substance possession in 2007.

*Trial*

At trial, Denham testified to the facts surrounding defendant's arrest. Riverside Police Department narcotics detective Matthew Lackey, who did not know defendant, testified about factors that distinguish drug salesmen from mere users. "Users don't spread their methamphetamine over numerous bags. They don't transport numerous bags with them." In this case, defendant had three separate bags of "eight balls," which can sell for anywhere from $160 to $250. He had additional methamphetamine in a separate bag, which appeared to be from a different source, for a total of about 20 grams. This is "an absurd amount for a user."

Detective Lackey also testified about the different levels of dealers. Street level dealers sell small amounts of the drug, usually under one ounce or 28.4 grams; mid-level dealers sell quantities over one ounce and up to quarter pounds and more; large level dealers traffic in multi-pound or kilo volumes. A dealer who sells 20 grams can be a street or mid-level dealer. Frequently, a person who is addicted to methamphetamine also sells it. He buys the drug in large quantities and divides it into smaller ones to sell, usually doubling his investment and using the profits to support his own habit. The amount of methamphetamine defendant had in the different baggies when he was arrested totaled over 100 doses of the drug and could have been worth as much as $1200. Users do not carry that many doses on their persons.

Richard Prince, the Riverside City Police Department investigator who had investigated defendant's 1996 crime testified as to the details of that offense. When defendant was arrested on that occasion, he had various containers of methamphetamine, a baggie containing marijuana, a pager, "pay-owe" sheets, and a plastic scale in his possession. Investigator Prince had not seen defendant since 1996.

On recall, Detective Lackey opined that the amount of methamphetamine defendant possessed at the time of his current arrest, like the amount he possessed in 1996, along with the other items found in his possession, indicated that on both occasions he possessed the drug for the purpose of selling it. The crimes were similar and showed that "defendant is not new. He's not a rookie."

Defendant also testified. He admitted that he had been using methamphetamine for 22 years and was addicted to it. He insisted he was only a user, not a seller, but admitted that he had been convicted of possession for sales in 1996: "I was dealing in '96." On the day of his current arrest, he bought enough to last him about a month or a month and a half, in order to avoid the dangers associated with purchasing, like being robbed or shot. The scale he had was to check to make sure he was getting what he paid for and "didn't get ripped off." He did not work but made his living by gambling in casinos.

*Verdict*

The jury found defendant guilty of counts 1 and 3.[2] In a separate hearing, the court found the allegations of defendant's priors true. Defendant was sentenced to a total of six years pursuant to Penal Code section 1170, subdivision (h): three years in county jail and three years on supervised release with probation terms and conditions.

## DISCUSSION

Defendant argues that the trial court erred by admitting the evidence of his prior conviction, and that the error was prejudicial. The People reply that there was no error and that, even if there was, it did not prejudice defendant. We agree with the People.

He also claims that the record must be corrected to reflect that his sentence on count 3 was imposed to run concurrently to his sentence on count 1. On this point, defendant is correct.

The Prior Conviction

*Standard of Review*

We review a trial court's decision to admit or exclude evidence under section 352 for abuse of discretion. (*People v. Brady* (2010) 50 Cal.4th. 547, 558.) " . . . [A] trial court's determination 'will not be overturned on appeal in the absence of . . . a showing that the . . . decision was palpably arbitrary, capricious, or patently absurd, and resulted in injury sufficiently grave as to amount to a miscarriage of justice.' [Citation.]" (*People v.*

---

2 On motion of the prosecution, count 2 had been dismissed at the close of the People's case.

*Lamb* (2006) 136 Cal.App.4th 575, 582, quoting *In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1385.)

*Evidence Code Section 352*

Evidence Code section 352 provides for the exclusion of evidence if its probative value is substantially outweighed by the probability that its admission will create "substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (*People v. Harrison* (2005) 35 Cal.4th 208, 230; Accord, *People v. Tran* (2011) 51 Cal.4th 1040, 1047 (*Tran*).) However, nothing in the statute "prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as . . . intent . . . ) other than his or her disposition to commit such an act." (Evid. Code, § 1101, subd. (b).) "In cases . . . where evidence is admitted under Evidence Code section 1101, subdivision (b), the evidence is probative because of its tendency to establish an *intermediary fact* from which the ultimate fact of guilt of a charged crime may be inferred. [Citations.]" (*Tran*, *supra*, 51 Cal.4th at p. 1048.)

In *Tran*, our state Supreme Court identified factors that "might serve to increase or decrease the probative value or the prejudicial effect of evidence of uncharged misconduct and thus are relevant to the weighing process required by Evidence Code section 352." (*Tran*, *supra*, 51 Cal.4th at pp. 1047-1048.) Probative value is increased, the court said, when the evidence emanates from an independent source and when the uncharged acts [i.e. the prior conduct] resulted in a conviction. Prejudicial effect is increased when there was no conviction for the prior acts and the jury might thus be confused and tempted to punish the defendant for those acts rather than for the current

7

offense. "The potential for prejudice is decreased, however, when testimony describing the defendant's uncharged acts is no stronger or more inflammatory than the testimony concerning the charged offense." (*Ibid.*)

Here, the probative value of the evidence of defendant's prior conviction to the issue of his intent in the present offense emanated from an independent source, narcotics investigator Lackey. And despite defendant's argument to the contrary, the testimony describing his 1996 offense was no more inflammatory than the testimony concerning his current offense. In both cases, defendant possessed amounts of methamphetamine and sales equipment [scales, packaging] that tended to show he intended to sell the drug, not just use it himself. The trial court, aware that the prosecutor was required to prove criminal intent, did not abuse its discretion in deciding to admit evidence of defendant's prior conviction. As defendant acknowledges in citing to *People v. Lenart* (2004) 32 Cal.4th 1107, 1123, admission for this purpose is legitimate.

*Harmless Error*

Assuming for the sake of argument that the trial court should have excluded the evidence of defendant's prior conviction for selling drugs, any error in its admission was harmless. "The controlling consideration . . . is whether the error has resulted in a 'miscarriage of justice.'" (*People v. Watson* (1956) 46 Cal.2d 818, 835-836.) A miscarriage of justice occurs only when it appears that the defendant would have obtained a more favorable result absent the error. (*Id*., at p. 836.)

Here, evidence of defendant's guilt was so overwhelming that there is virtually no chance that the jury would have reached a different verdict had it not known about his

8

prior conviction. Detective Lackey testified at length about the differences between sellers and users. Defendant fit well into the former category. "Users don't spread their methamphetamine over numerous bags. They don't transport numerous bags with them." Defendant did both. He was carrying a scale; users also don't carry scales. Together, the packages of "eight balls" he was carrying equaled about 100 doses of methamphetamine. Users don't carry that many doses around for their own use. An addict sells to support his or her own habit, buying in large quantities, breaking it down into smaller amounts, and re-selling it for about twice the original investment. The amount defendant had in his possession would sell for about $1200. Defendant admitted to long-term addiction; he said he had no job and supported himself and his habit by gambling at local casinos. This story was so lacking in credibility as to call his veracity into question in the mind of reasonable jurors.

In sum: the trial court did not err by admitting evidence of defendant's prior conviction and no miscarriage of justice occurred as a result of its decision.

<u>Correction of the Record</u>

At sentencing, regarding count 3, the court imposed six months, to run concurrently with his sentence on count 1. The minute order incorrectly provided that the sentence on count 3 was to run consecutively to the sentence on count 1, and the "nunc pro tunc" corrected minute order did not remedy the mistake. We will order the minute order corrected.

9

**DISPOSITION**

The superior court clerk is directed to correct the sentencing minute orders of January 20 and 25, 2012, and the abstract of judgment to indicate that defendant's six-month sentence on count 3 is to be served concurrently with his sentence on count 1. The corrected order is to be forwarded to the Riverside County Sheriff.

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON     
J.

We concur:

KING     
          Acting P. J.

MILLER     
          J.